NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1968

_____

R. D.

v.

SHOHOLA, INC.,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-16-cv-01056)
District Judge: Honorable James M. Munley

_____

Argued February 12, 2019
Before: HARDIMAN, SCIRICA, and COWEN, *Circuit Judges*.

(Opinion Filed:  April 24, 2019)

Melissa A. Murphy-Petros [Argued]
Wilson Elser Moskowitz Edelman & Dicker
55 West Monroe Street
Suite 3800
Chicago, IL 60603
    *Counsel for Appellant*

Jacqueline DeCarlo
Justin L. Klein [Argued]
Hobbie Corrigan & DeCarlo
125 Wyckoff Road
Eatontown, NJ 07724

Jerry A. Lindheim
Locks Law Firm
601 Walnut Street
The Curtis Center, Suite 720 East
Philadelphia, PA 19106
        *Counsel for Appellee*

————————

OPINION[*]

————————

HARDIMAN, *Circuit Judge*.

This interlocutory appeal involves an order of the District Court denying a motion to quash a subpoena. Plaintiff R.D. issued a deposition subpoena to Gary Trobe, an investigator hired by Defendant Shohola, Inc. to assist with its defense. According to R.D., Trobe intimidated three third-party witnesses (E.J., G.M., and Massachusetts State Police Detective Matthew Cosgrove). Shohola filed a motion to quash the subpoena, arguing the depositions of its investigator would violate the work-product doctrine. Because the District Court did not apply the standard in *Appeal of Hughes*, 633 F.2d 282 (3d Cir. 1980), to determine whether the witness intimidation exception to the work-product doctrine applies to Trobe's interaction with each witness, we will affirm in part, reverse in part, and vacate in part and remand.

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

# I[1]

R.D. brought claims of battery, negligence, and negligent hiring and supervision against Shohola, alleging he was sexually abused as a minor child while attending a camping trip Shohola conducted. R.D. subpoenaed Trobe's deposition, asserting that he could question Trobe about his interactions with third-party witnesses E.J., G.M., and Detective Cosgrove because E.J. testified Trobe intimidated him. Shohola moved to quash the subpoena, arguing it violated the work-product doctrine. Magistrate Judge Carlson denied Shohola's motion. The District Court affirmed the Magistrate Judge's order on appeal because it was not clearly erroneous. Shohola now argues the District Court abused its discretion when it denied Shohola's motion to quash Trobe's deposition subpoena because the testimony would reveal attorney work product.

In challenging the subpoena, Shohola claims that any potential questioning of Trobe about his interactions with these witnesses constitutes opinion work product because the inquiry would inevitably disclose defense counsel's impressions, legal theories, and strategies. Shohola concedes that evidence of witness intimidation is not

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291 pursuant to the doctrine established in *Perlman v. United States*, 247 U.S. 7 (1918). The *Perlman* doctrine allows "an interlocutory appeal of a disclosure order if it is directed at a disinterested third party lacking a sufficient stake in the proceeding to risk contempt by refusing compliance." *In re Grand Jury*, 705 F.3d 133, 144 (3d Cir. 2012). It applies here because R.D. seeks the deposition testimony of Shohola's private investigator, which Shohola argues is protected by work-product doctrine. We review discovery orders for an abuse of discretion. *Eisai, Inc. v. Sanofi Aventis U.S., LLC*, 821 F.3d 394, 402 (3d Cir. 2016).

protected work product, but argues R.D. has not sufficiently demonstrated that Trobe intimidated the three third-party witnesses.

The District Court held otherwise, affirming the Magistrate Judge's finding that R.D. "made a sufficient threshold showing of possible witness misconduct or coercion." *R.D. v. Shohola Camp Ground & Resort*, 2018 WL 1919560, at *2 (M.D. Pa. Apr. 24, 2018). The Court supported the Magistrate Judge's reasoning that

> so long as [R.D.] does not intend to seek any documents or other tangible materials from Trobe, and only intends to determine the facts surrounding Trobe's conduct and communications with third-party witnesses, and does not seek any information regarding defense counsel's mental impressions or legal strategy, plaintiff may depose Trobe without violating the work-product doctrine.

*Id.* Thus, the Court affirmed the Magistrate Judge's order allowing R.D. to depose Trobe on his interactions with all three witnesses: E.J., G.M., and Detective Cosgrove.

II

While the District Court correctly limited Trobe's deposition to cover the narrow issue of whether he intimidated witnesses, it did not apply the controlling standard for doing so. In *Appeal of Hughes*, we held that the work-product doctrine does not protect efforts by an attorney's agent to intimidate witnesses. 633 F.2d at 290–91. A party can successfully subpoena an attorney's agent "on the ground that the work product involved misconduct" by demonstrating "a reasonable basis for such a belief." *Id.* at 291. In the context of the crime-fraud exception to the work-product doctrine and attorney-client privilege, we have explained that "reasonable basis" is less than a preponderance of the

4

evidence, but not close to zero. *See In re Grand Jury*, 705 F.3d 133, 153–54 (3d Cir. 2012).

In evaluating whether R.D. has established a "reasonable basis" for his belief that Trobe intimidated witnesses, the District Court must also consider the evidence of misconduct for each witness individually. *Cf. id.* at 159–61 (evaluating claims of work-product and attorney-client privilege for documents and testimony under the crime-fraud exception on an individual basis). Otherwise, a party could use a threshold showing of an agent's misconduct with one witness as a means for delving into every one of the agent's innumerable interactions with other witnesses. To avoid such overbroad discovery, we will assess the District Court's order by evaluating whether there is a "reasonable basis" to support allegations of intimidation for each witness: E.J., G.M., and Detective Cosgrove.

A

We agree with Magistrate Judge Carlson's conclusion (affirmed by the District Court) that R.D. made a sufficient threshold showing that Trobe tried to influence E.J. E.J. testified that: Trobe informed him the police might contact him about the incident; he felt intimidated by Trobe; and he subsequently retained counsel after meeting with Trobe. While neither the Magistrate Judge nor the District Court cited the *Appeal of Hughes* standard, these statements meet the "reasonable basis" threshold because they provide "more than groundless suspicion" that Trobe might have engaged in misconduct. 633

5

F.2d at 291. So we will affirm the portion of the District Court's order allowing R.D. to depose Trobe on the narrow issue of whether he attempted to intimidate E.J. We leave it to the sound discretion of the District Court to determine how to oversee the conduct of Trobe's deposition to ensure that Shohola's attorney work product is protected to the fullest extent possible under the circumstances.

B

While the District Court reached the right conclusion about Trobe's interaction with E.J. without applying *Appeal of Hughes*, the allegation that Trobe tried to influence G.M. is weaker under this standard. Unlike E.J., G.M. did not testify he felt intimidated by Trobe. However, he said Trobe was persistent in arranging a meeting and tried to influence the wording of his statement. Because this evidence is not as strong as E.J.'s testimony and the District Court has not yet examined it under the *Appeal of Hughes* standard, we will vacate and remand the Court's determination that R.D. can question Trobe about potential misconduct involving G.M. On remand, the District Court should determine whether, consistent with *Appeal of Hughes*, Trobe can be asked about his interactions with G.M.

C

Finally, we hold that the District Court abused its discretion in concluding that R.D. could depose Trobe about his interaction with Detective Cosgrove. R.D. has presented no evidence whatsoever—let alone evidence of intimidation—of Trobe's

6

communications with Detective Cosgrove, and the Court cannot impute inferences supporting allegations of Trobe's misconduct with E.J. and G.M. to his interactions with Detective Cosgrove. Accordingly, we will reverse the portion of the District Court's order allowing R.D. to depose Trobe about his interactions with Detective Cosgrove.

D

We conclude by recognizing the validity of Shohola's concern that a deposition narrowly tailored to witness intimidation could still reveal protected work product. As the District Court noted previously, it has various tools at its disposal to manage this situation. We endorse the District Court's decision to uphold several aspects of the Magistrate Judge's deposition order, such as reserving Shohola's right to file a later motion *in limine* for divulged work product and offering to hold the deposition in the courthouse to moderate disputes. The District Court might also require the parties to submit written questions, and it might choose to supervise the deposition. After the District Court makes a determination about Trobe's alleged misconduct with G.M., we leave to the District Court's discretion the task of policing the scope of protected work product during Trobe's deposition.

\* \* \*

For these reasons, we will affirm in part, reverse in part, and vacate in part the District Court's order denying Shohola's motion to quash Trobe's subpoena and we will remand the case for further proceedings consistent with this opinion.